# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| **Maria Pilar Pineda** | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  06-cv-2328 (PGS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| **Bath Unlimited, Inc.,** | **:** | |
| | : | |
| Defendant. | : | |

---

## SHERIDAN,  U.S.D.J.

Defendant brings this motion for summary judgment to dismiss Plaintiff's action alleging pregnancy discrimination in violation of Title VII of the Civil Rights Act, 42 USC §2000, et seq. For the reasons set forth below, Defendant's motion is denied.

### I.

Plaintiff began working as a temporary worker at Bath Unlimited, Inc., on April 21, 2005. She was an employee of Telesearch, an employment agency.  Telesearch contracted with Defendant to provide it with temporary workers.  Her work consisted of classification, scanning and arranging orders on pallets prior to shipment.   In either late July or August 2005, Defendant offered Plaintiff and five other temporary workers permanent positions with the company. Plaintiff declined the offer as she did not have valid working papers.[1]  In mid-August 2005, Plaintiff learned that she was

---

[1]  While Defendant only notes Plaintiff's citizenship status as an illegal alien, it does not rely on this status as a basis to dismiss Plaintiff's complaint. The Immigration Reform and Control Act ("IRCA") makes it unlawful to hire or continue to employ an illegal alien when the employer knows that the individual is an unauthorized alien. 8 U.S.C. §1324a(a)(1)-2(h)(1).  It

pregnant.  Two or three days later, she advised Defendant of her condition through her supervisor, Mr. Perez.

Approximately two weeks later, Mr. Perez terminated her without explanation. Several months later, in response to an inquiry from the EEOC, Defendant explained that the reason for her termination was excessive absenteeism.  Plaintiff acknowledges that she was absent eleven days and that she arrived late/left early six times.  Plaintiff contends that her absences between July 5 and July 9, 2005 were excused upon presentation of a doctor's note, and that she received permission to arrive late or leave early.

II.

Pursuant to Fed.R.Civ.P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indiana Hosp*., 843 F.2d 139, 143 (3d Cir.1988).

---

has been held that a plaintiff's citizenship status is not relevant for liability questions under federal labor and discrimination statutes. *Zavala v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 295, 325 (D.N.J. 2005) *see also EEOC v. The Restaurant Company*, 490 F.Supp.2d 1039, 1046 (D.Minn. 2007) (holding that plaintiff's illegal alien status did not affect standing to bring a Title VII sexual discrimination claim in light of IRCA, denying summary judgment due to fact issues). *But see, Hoffman Plastic Compounds, Inc. v. National Labor Relations Board*, 535 U.S. 137, 147, (2002). *Compare with, Crespo v. Evergo Corp*., 366 N.J.Super 391 (App. Div. 2004).

This case, like other Title VII claims, is analyzed under the burden shifting analysis pronounced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Krouse v. Am. Sterlizer Co.*, 126 F.3d 494, 500 (3d Cir.1997).

Under *McDonnell Douglas*, a plaintiff must establish a prima facie case of gender discrimination under Title VII.  In order to state such a case, plaintiff must prove that: (1) she is a member of a protected class; (2) she was performing her job at a level that met the employer's legitimate expectations; (3) she suffered some form of adverse employment action; and (4) this action occurred under circumstances that give rise to an inference of unlawful discrimination. *Clark v. New Jersey,* 1996 U.S. Dist. LEXIS 22425, *30 (D.N.J. 1996); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir.1999); *Sacavage v. Jefferson University Physicians*, 2000 WL 804435 at *2 (June 20, 2000).  To establish a prima facie case, the plaintiff must produce evidence that is sufficient to convince a reasonable factfinder to find all of the elements of a prima facie case. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506.  Where pregnancy was not yet obvious at the time of termination, a plaintiff must also demonstrate as part of her prima facie case that her employer knew of her pregnancy. *Geraci v. Moody-Tottrup. International, Inc*., 82 F.3d 578, 581-582 (3d Cir.1996).   The court finds that plaintiff meets this standard[2].

Once a prima facie case has been established, the burden shifts to the defendant to provide "some legitimate nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411

---

[2] Plaintiff relies upon the law of the case doctrine to satisfy her obligation to establish a prima facie case. She points to Magistrate Judge Hedge's letter order, dated February 28, 2007, appointing plaintiff with pro bono counsel.  According to plaintiff, prior to appointing pro bono counsel, the court must determine whether plaintiff has established a prima facie case. "To meet this threshold, a plaintiff need not prove every aspect of his or her claim; an 'arguably meritorious' claim will suffice." *See Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir. 1997). Although it is a novel argument, it is definitely a different standard of review.

U.S. at 802.  If Defendant carries this burden, the presumption of discrimination drops from the case, and Plaintiff must "cast sufficient doubt" upon Defendant's proffered reasons to permit a reasonable factfinder to conclude that the reasons are fabricated.  *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1072 (3d Cir.1996), *cert. denied,* 521 U.S. 1129 (1997).

Defendant concedes that Plaintiff is a member of a protected class, that she suffered an adverse employment action, and that Defendant knew of plaintiff's pregnancy prior to termination. Defendant disputes that Plaintiff was performing at expectation and that the termination occurred under circumstances which give rise to an inference of discrimination.  Defendant maintains that Plaintiff was routinely late for work despite the verbal warnings by Mr. Perez; and accordingly, her dismissal was due to poor work performance (tardiness and frequent absences). Defendant contends that during the approximately 100 days of her work with Bath Unlimited, she was absent on eleven occasions, left early on six occasions and arrived late on one occasion.

The Court must address whether Plaintiff was performing her job at the expectant level giving all inferences to the plaintiff.  First, Plaintiff alleges she was offered a permanent position. Such an offer undermines that the absences, tardiness and early departures were an issue. Second, Plaintiff indicates that some of the absences were excused.  Most notably, the absences of July 5 through July 9, 2005 appear to have been excused.  The records of Telesearch corroborates that Plaintiff obtained a doctor's note in order to be excused from work for that period.  Again, this undermines the contention that absences, tardiness and early departures were the actual reason for her dismissal.  Giving all reasonable inferences to Plaintiff, she was performing as expected.

Defendant further contends that Plaintiff cannot show that her termination occurred under circumstances which give rise to an inference of unlawful discrimination.   To the contrary, the

temporal proximity between the date on which Plaintiff informed defendant of her pregnancy and the date of termination (two weeks or less) satisfies this element[3].

The burden then shifts and a defendant must show a legitimate non-discriminatory reason for terminating plaintiff. *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 (3d Cir.2006); *Fuentes v. Perski,* 32 F.3d 759, 763 (3d Cir.1994).   Defendant has done so, i.e., excessive absences, un-excused late arrivals and early departures from her job.   Accordingly, the burden shifts back to Plaintiff to demonstrate that the stated reason for her termination was pretext for pregnancy discrimination. Plaintiff can satisfy this burden by presenting some evidence that would enable a fact finder to reasonably "disbelieve the employer's articulated legitimate reasons" or "believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Iadimarco v. Runyon,* 190 F.3d 151, 157, 166 (3d Cir. 1999) (*quoting Fuentes v. Perski,* 32 F.3d 759, 764 (3d Cir.1994)).   Plaintiff cannot simply argue that the defendant was "wrong or mistaken," but must show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons . . . that a reasonable fact-finder could rationally find them unworthy of credence." *Fuentes,* 32 F.3d. at 765. Here, Plaintiff maintains that she informed her supervisor(s) of her absences, tardiness and early departures and received permission for them.   These facts, together with the temporal proximity between notice of pregnancy and termination, raises a jury question whether the stated reason for her termination was the pretext

---

[3] Defendant asserts that they have no duty to warn a temporary employee of termination under the auspices of at-will employment.  This argument fails to recognize the established case law that unlawful discrimination is an exception to this doctrine.  *Schlichtig v. Inacom Corp.*, 271 F. Supp. 2d 597, 60 (D.N.J. 2003); *Rojas v. County of Passaic*, 2007 WL 773755, *3 (D.N.J. 2007).

for pregnancy discrimination. A jury must decide this issue.  The motion for summary judgment is

denied.


                               _s/*Peter G. Sheridan*_____

September 14, 2007                        PETER G. SHERIDAN, U.S.D.J.

6